**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

LOREN DEPREE GREENE,

    Petitioner,                               Civil No. 2:17-CV-11078-DT

v.

DUNCAN MACLAREN,

    Respondent,
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Loren Depree Greene, ("Petitioner"), incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for third-degree fleeing and eluding,[1] driving on a suspended license,[2] and being a fourth felony habitual offender.[3] Respondent filed a motion to dismiss, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner filed a response to the motion. For the reasons stated herein, the court will summarily dismiss with prejudice the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).

---

[1] Mich. Comp. Laws § 750.479a(3); Mich. Stat. Ann. 28.747(1)(3).

[2] Mich. Comp. Laws § 257.904(3)(b); Mich.Stat. Ann. 9.2604(3)(b).

[3] Mich. Comp. Laws § 769.12; Mich. Stat. Ann. 28.1084.

1

## I. Background

Petitioner was convicted following a jury trial in the Jackson County Circuit Court. On December 19, 2002, Petitioner was sentenced to three to fifteen years in prison. The Michigan Court of Appeals affirmed Petitioner's conviction on April 27, 2014. *People v. Greene*, No. 245899, 2004 WL 895956 (Mich. Ct. App. Apr. 27, 2004). Petitioner did not file an application for leave to appeal to the Michigan Supreme Court.[4]

On June 27, 2005, Petitioner filed a post-conviction motion for relief from judgment pursuant to Mich. Ct. R. 6.500, *et. Seq.*[5] After the trial judge denied the motion and the Michigan Court of Appeals denied Petitioner's application for leave to appeal, collateral review of Petitioner's conviction ended in the state courts on November 29, 2006, when the Michigan Supreme Court denied Petitioner's post-conviction appeal. *People v. Greene,* 723 N.W. 2d 855 (Mich. 2006).

On August 9, 2007, Petitioner filed a second motion for relief from judgment, which was denied on the same date.[6] There is no indication from the Jackson County

---

[4] See Affidavit from Larry Royster, Clerk of the Michigan Supreme Court, dated July 7, 2017 [Dkt. # 14-8].

[5] Respondent in his motion to dismiss indicates that the motion for relief from judgment was filed on July 25, 2005. This Court, in reviewing the Jackson County Circuit Court docket sheet, See *People v. Greene*, No. 02-003923-FH (Jackson Cty.Cir.Ct.), p. 5, Entry # 54 [Dkt. # 14-1], observes that the notation for that date suggests that it was the prosecutor's answer to the motion for relief from judgment that was filed on that date. There is no indication on the docket sheet when Petitioner's motion was filed. Petitioner's first motion for relief from judgment is dated June 27, 2005. See Dkt. # 14-9. Even providing Petitioner the benefit of the doubt that the motion for relief from judgment was filed on that date, he is not entitled to relief from this court.

[6] See *People v. Greene*, No. 02-003923-FH (Jackson Cty.Cir.Ct.), p. 5, [Dkt. # 14-1], p. 5, Entry # 63.

Circuit Court docket sheet, the Michigan Court of Appeals website, or Westlaw that Petitioner ever appealed the denial of this motion to the Michigan appellate courts.[7]

On July 25, 2015, Petitioner filed what he labeled a motion for independent action under Mich. Ct. R. 2.612(c)(1)(d).[8] The court denied the motion. *People v. Greene*, No. 02-003923-FH (Jackson Cty.Cir.Ct. Apr. 21, 2016). The Michigan Court of Appeals dismissed Petitioner's appeal. The Michigan Court of Appeals ruled that Petitioner could not use Mich. Ct. R. 2.612(c)(1)(D) and (3) to bring a post-appeal challenge to his conviction. The Michigan Court of Appeals further held that Petitioner was barred under Mich. Ct. R. 6.502(G) from appealing the denial of a successive post-conviction motion for relief from judgment. *People v. Greene,* No. 333218 (Mich.Ct.App. July 15, 2016). On January 31, 2017, the Michigan Supreme Court denied Petitioner's application for leave to appeal because Petitioner's motion for relief from judgment was prohibited by Mich. Ct. R. 6.502(G). *People v. Greene*, 889 N.W.2d 273 (Mich. 2017).

Petitioner's habeas petition was signed and dated March 17, 2017, and filed with the court on April 5, 2017.[9]

---

[7] The Court obtained this information from the Michigan Court of Appeals' website, coa.courts.mi.gov/, and from Westlaw's website, www.westlaw.com. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

[8] Respondent argues in his motion to dismiss that the motion was not filed until September 15, 2015. Even giving Petitioner the benefit of the doubt that he filed his motion on an earlier date, the current petition is still untimely.

[9] Under the prison mailbox rule, the court assumes that Petitioner actually filed his habeas petition on March 17, 2017, the date that it was signed and dated. *See*

## II. Discussion

### A. Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the one year limitations period under 28 U.S.C. § 2244(d) "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

If a habeas petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme

---

*Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

Court expires. An individual has 90 days from the entry of his judgment to seek an appeal to the Supreme Court by filing a petition for a write of certiorari. See Sup.Ct. R. 13 (stating that a petition for a writ of certiorari "is timely when it is filed with the Clerk of [the Supreme] Court within 90 days after entry of judgment"). The one-year statute of limitations governing a petition for habeas corpus does not begin to run until the day after the petition for a writ of certiorari is due in the United States Supreme Court. See *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Therefore, when a petitioner does not seek an appeal to the Supreme Court his conviction is finalized 91 days after the entry of judgment.

However, when, as in this case, a habeas petitioner appeals his judgment of conviction only to the Michigan Court of Appeals and fails to file an application for leave to appeal to the Michigan Supreme Court, the additional ninety days for filing an appeal to the United States Supreme Court is not taken into account. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)(clarifying that when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s]").

The Michigan Court of Appeals affirmed Petitioner's conviction on April 27, 2004. Although Petitioner had fifty-six days to file an appeal in the Michigan Supreme Court from this decision, *see* Mich. Ct. R. 7.302(C), Petitioner never filed an application for leave to appeal with the Michigan Supreme Court. The expiration of the fifty-six days represents the expiration of the time for seeking direct review of Petitioner's judgment of conviction, therefore, the one-year statute of limitations began to run at that time. *Gonzalez*, 565 U.S. at 150.

Because Petitioner did not file an application for leave to appeal to the Michigan Supreme Court, his conviction became final, for purposes of § 2244(d)(1)(A), on July 26, 2004, when the time for seeking leave to appeal with the Michigan Supreme Court expired. See *Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). Petitioner had until July 26, 2005 to timely file his petition for writ of habeas corpus, unless the limitations period was tolled.

### 1. Procedural Tolling

Petitioner filed his first post-conviction motion for relief from judgment with the trial court, at the earliest, on June 27, 2005, after three hundred and thirty six days elapsed under the statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001). A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Safford,* 536 U.S. 214, 220 (2002). The tolling of the one year statute of limitations ended in this case on November 29, 2006 when the Michigan Supreme Court denied Petitioner's application for leave to appeal the Michigan Court of Appeal's denial of his motion for relief from judgment. *Hudson v. Jones*, 35 F. Supp. 2d 986, 988-89 (E.D. Mich. 1999). Petitioner had twenty nine days remaining in the one-year limitations period, or until December 28, 2006, to timely file his petition with this court.

Petitioner filed his second post-conviction motion for relief from judgment on

August 9, 2007, well after the one year limitations period had expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's second motion for relief from judgment which was filed in the state court after the expiration of limitations period therefore did not toll the limitations period. *See Parker v. Renico,* 105 F. App 'x. 16, 18 (6th Cir. 2004).

Moreover, the Sixth Circuit has ruled that a habeas petitioner's second motion for relief from judgment that is rejected by the state courts pursuant to Mich. Ct. R. 6.502(G) is not a properly filed application for post-conviction relief that would toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). *See Williams v. Birkett,* 670 F.3d 729, 733 (6th Cir. 2012). Whether the judge rejected Petitioner's second post-conviction motion on this basis is unclear from the record. In any event, even if this court was to toll the limitations period during the pendency of Petitioner's second post-conviction motion, the current petition remains untimely.

Petitioner never appealed the denial of the second post-conviction motion to the Michigan Court of Appeals, but a habeas petitioner is entitled to tolling of the limitations period under 28 U.S.C. § 2244(d)(2) for the time that he could have appealed the denial of a state post-conviction motion. See *Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016). Under the version of Mich. Ct. R. 7.205(F) that was in effect in 2007, Petitioner had twelve months to file a delayed application for leave to appeal.[10] The tolling would

---

[10] Mich. Ct. R. 7.205(F)(3). In June of 2011, the time period for filing an application for leave to appeal was shortened to six months.

have ended pursuant to 28 U.S.C. § 2244(d)(2) on August 9, 2008, when the time period to file an appeal expired.  Petitioner would have had only twenty nine days remaining from this date, or until September 7, 2008 to timely file his habeas petition under this alternate calculation of the limitations period. He did not do so.

Petitioner filed his third post-conviction motion for relief from judgment with the state trial court on July 25, 2015, years after the one year statute of limitations expired. Petitioner's third post-conviction motion did not toll the limitations period because it was filed after the expiration of the limitations period. *See Parker v. Renico,* 105 F. App 'x. at 18.  Petitioner's third motion for relief from judgment would not toll the limitations period in any event because it was rejected by the Michigan appellate courts pursuant to Mich. Ct. R. 6.502(G). *See Williams v. Birkett,* 670 F. 3d at 733. Per all accounts, the current petition is untimely.[11]

### 2. Discovery of Petitioner's Claims

Petitioner claims in his various pleadings that he could not file his second and third claims sooner because he only discovered the factual predicate of his second and third claims at a later date.  Pursuant to 28 U.S.C.§ 2244(d)(1)(D), the one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See*

---

[11]  Although Petitioner attempted to file his third post-conviction motion under Mich. Ct. R. 2.612, Mich. Ct. R. 6.501 states that unless otherwise specified, a judgment of conviction and sentence entered by the circuit or Recorder's court that is not subject to appellate review under subchapters 7.200 or 7.300 may be reviewed only in accordance with the provisions of this subchapter.  The Michigan appellate courts thus properly construed Petitioner's motion as an improperly filed successive motion for relief from judgment.

*Ali v. Tennessee Board of Pardon and Paroles,* 431 F. 3d 896, 898 (6th Cir. 2005). Importantly, the time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *Redmond v. Jackson,* 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). Moreover, the time under the limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the facts' legal significance. *Id.* Finally, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. Significantly, newly discovered information "that merely supports or strengthens a claim that could have been properly stated without the discovery ... is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." *See Jefferson v. U.S.,* 730 F.3d 537, 547 (6th Cir. 2013) (quoting *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012)). A habeas petitioner has the burden of proof in persuading a federal court that he exercised due diligence in searching for the factual predicate of the habeas claims. *See Stokes v. Leonard,* 36 F. App'x. 801, 804 (6th Cir. 2002).

     Petitioner, in his second, claim alleges that the prosecutor withheld an audiotape recording of his arrest at the Jackson County Jail dated August 6, 2002. Petitioner claims that this audiotape recording was exculpatory evidence that was not disclosed by the prosecutor, in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Officer Charles Brandt testified at the preliminary examination on September 5, 2002 that he

made an audio and videotape of his interview with Petitioner at the county jail following his arrest. (Tr. 9/5/02, pp. 17-18).Therefore, Petitioner was aware the audiotape of the interview existed on September 5, 2002, prior to his trial. The commencement of the one year limitations period was not delayed pursuant to § 2244(d)(1)(D) until Petitioner's alleged discovery of the legal basis for his *Brady* claim, in light of the fact that Petitioner was aware prior to trial of the factual predicate for the claim–the alleged withholding of the audiotape interview prior to trial. *See Whalen v. Randle,* 37 F. App'x. 113, 119 (6th Cir. 2002).

In Petitioner's third claim, he alleges that the prosecutor never provided him notice of the fourth felony habitual offender charge. Petitioner, however, raised this claim on his appeal of right.[12] Petitioner was aware of the factual predicate of his habitual offender claim at the time of his direct appeal, thus, the commencement of the running of the statute of limitations would not be delayed pursuant to 28 U.S.C.§ 2244(d)(1)(D). *See Fleming v. Evans,* 481 F.3d 1249, 1258 (10th Cir. 2007).

### 3. Equitable Tolling: Actual Innocence

The one year statute of limitations for habeas petitions "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The burden is on a habeas petitioner to show that he is entitled to the equitable tolling of the one year limitations period. *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S.

---

[12] *See* Appellant-Defendant's Brief on Appeal, pp. 7-8 (Dkt. # 14-7, Pg. ID 427-28.)

298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 192, 1928 (2013).

The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). Moreover, in determining whether petitioner makes out a compelling case of actual innocence, so as to toll the limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup,* 513 U.S. at 332). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. For purposes of tolling the limitations period, "actual innocence means factual innocence, not mere legal insufficiency." *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Petitioner's case does not merit tolling pursuant to the actual innocence exception, because Petitioner has not presented any new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005). Petitioner's sufficiency of evidence claim does not establish his innocence, so as to toll the limitations period. An insufficiency of evidence claim cannot be considered by this court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations period. *Redmond v.*

11

*Jackson,* 295 F. Supp. 2d at 773; *Grayson v. Grayson,* 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002).

The audiotape interview at the Jackson County Jail does not establish Petitioner's actual innocence because, as noted by the trial judge when rejecting Petitioner's first post-conviction motion for relief from judgment, See *People v. Greene*, No. 02-003923-FH, pp. 2-3 (Jackson Cty.Cir.Ct. Aug. 10, 2005), Petitioner admitted on the tape to the police that he did not stop for the police and that he ran from the police because he knew that he had an outstanding warrant for his arrest for failure to pay child support. Because the audiotape recording inculpates Petitioner, it does not establish his actual innocence.

Finally, Petitioner's claim that the state court misapplied Michigan's habitual offender statute does not fit within the actual innocence exception to toll the limitations period. *See Craig v. White,* 227 F. App'x. 480, 481-82 (6th Cir. 2007).

### B. A certificate of appealability.

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner "shows, at least, that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was

12

correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The court will deny Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether the court was correct in determining that Petitioner had filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d at 753.

The standard for granting an application for leave to proceed *in forma pauperis* is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant leave to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R.App. P. 24(a); *Foster*, 208 F.Supp.2d at 764–65. "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Id.* at 765. Although this is a decidedly lower standard, the court will nonetheless deny leave to proceed *in forma pauperis* on appeal because appeal would be frivolous for the reasons stated above.

### III. CONCLUSION

13

Petitioner's habeas corpus petition was filed well beyond the one year statute of limitations. Despite Petitioner's arguments to the contrary, the record demonstrates that Petitioner was aware of the factual predicates for his second and third claims during his direct appeal. Thus, the running of the statute of limitation on those claims was not delayed until Petitioner discovered the legal basis for the claims. Petitioner has failed to provide evidence of actual innocence and therefore, is not entitled to equitable tolling. The court declines to issue a certificate of appealability because no jurist of reason would find it debatable whether the present petition is timely. Accordingly,

IT IS ORDERED that Petitioner Loren Depree Greene's petition for writ of habeas corpus (Dkt. # 1) is SUMMARILY DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 2244(d)(1).

IT IS FURTHER ORDERED that the motion for an evidentiary hearing (Dkt. # 2) and the motion for an independent action (Dkt. # 3) are DENIED.

IT IS FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED.

This court DECLINES to issue a certificate of appealability.

                                                   s/Robert H. Cleland
                                                   ROBERT H. CLELAND
                                                   UNITED STATES DISTRICT JUDGE

Dated: November 21, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 21, 2017, by electronic and/or ordinary mail.

                                                s/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522