**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

LOREN DEPREE GREENE,

    Petitioner,                                                 Civil No. 17-11078

v.

DUNCAN MACLAREN,

    Respondent,
                                       /

**OPINION AND ORDER DENYING MOTION FOR AN EXTENSION OF TIME,
OVERRULING PETITIONER'S OBJECTIONS, AND DENYING MOTION FOR
CERTIFICATE OF APPEALABILITY**

On November 21, 2017, the court summarily dismissed Petitioner's application for a writ of habeas corpus because it is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). The court declined to issue a certificate of appealability or leave to appeal *in forma pauperis.* Petitioner has filed several motions, and after reviewing each one, the court will deny them all.

Nearly one month after the court's entry of judgment, Petitioner filed a motion for an extension of time to file a reply brief to Respondent's Motion to Dismiss. (Dkt. # 18.) While Rule 5(e) of the Rules Governing § 2254 Cases, *see* Pub. L. No. 94-426, permits a habeas petitioner to "submit a reply to the respondent's answer or other pleading within a time fixed by the judge," Petitioner's request for a reply comes far too late and he has failed to provide an explanation for his tardiness or good reason to excuse it. Moreover, Petitioner's motion is moot because the claims that would be the subject of Petitioner's reply have been adjudicated in a final judgment. *See Gaines-Hanna v.*

*Farmington Pub. Sch.,* No. 04-74910, 2006 WL 3343856, at *2 (E.D. Mich. Nov. 17, 2006); *Kulling v. Grinders for Indus., Inc.*, 115 F. Supp. 2d 828, 853, n.25 (E.D. Mich. 2000). The court will deny the motion.

Petitioner has filed what he characterizes as objections to the court's summary dismissal order. (Dkt. # 19.) Petitioner has also filed a motion for a certificate of appealability, despite the court's prior order declining to issue one. (Dkt. # 20.) The court will construe both motions as motions for reconsideration since they ask this court to review the correctness of its prior opinion and order.

Eastern District of Michigan Local Rule 7.1 provides that, "without restricting the court's discretion," a motion for reconsideration will not be granted unless the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *Buchanan v. Metz,* 6 F. Supp. 3d 730, 752 (E.D. Mich. 2014) (quoting *United States v. Lockett*, 328 F.Supp.2d 682, 684 (E.D.Mich.2004). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *United States v. Willis*, No. 13-20303-06, 2018 WL 564236, at *2 (E.D. Mich. Jan. 26, 2018) (stating that "a motion for reconsideration is not a second bite at the apple, nor an opportunity to present evidence or arguments that could have been presented in the party's original briefing") (quoting *Collins v. Nat'l Gen. Ins. Co.*, 834 F.Supp.2d 632, 641 (E.D. Mich. 2011).

Petitioner objects to the court's order and argues that Respondent failed to address the merits of his claims in its motion to dismiss. (Dkt. # 19.)

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a respondent may file a motion or other response to a petition, rather than an answer. Additionally, this court has a responsibility to dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* A petition must be dismissed when it is filed beyond the applicable statute of limitations. *Carter v. Klee*, 286 F. Supp. 3d 846, 851 (E.D. Mich. 2018) (citing 28 U.S.C. § 2244(d)(1) and *Isham v. Randle*, 226 F.3d 691, 694–95 (6th Cir. 2000)).

The court concluded that the habeas petition here is barred by the one year statute of limitations and Petitioner has presented no argument for why the court's conclusion is incorrect. Petitioner's objections are only an attempt to relitigate his time-barred claims. Likewise, Petitioner's request for a COA focuses on the merits of his substantive claims and why they are worthy of appellate review. (Dkt. # 20, Pg. ID 755.) In sum, Petitioner has not identified a palpable defect in the court's order denying his petition for writ of habeas corpus and denying a COA.

Accordingly,

IT IS ORDERED that the Motion for an Extension of Time (Dkt. # 18), is DENIED AS MOOT.

IT IS FURTHER ORDERED that Petitioner's Objections (Dkt. # 19), and Motion For a Certificate of Appealability (Dkt. # 20) are DENIED.

                                              s/Robert H. Cleland              /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 10, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 10, 2018, by electronic and/or ordinary mail.

                                              s/Lisa Wagner                 /
Case Manager and Deputy Clerk
(810) 292-6522

s/Cleland/judge'sdesk/C2order/17-11078.LGREENE.DenyCOA.staffy.aju